**Joga SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71435.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 22, 2005.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Patricia A. Smith, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

### MEMORANDUM **

Joga Singh, a native and citizen of India, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial of his application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture, 23 I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. 208.16). As this is a streamlined case, we review the decision of the immigration judge (IJ). *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1100 (9th Cir.2004). We deny the petition.

"We must uphold the IJ's findings of fact as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(internal quotation marks omitted). The IJ made an adverse credibility determination about Singh's testimony. The IJ provided specific, cogent reasons for this finding and identified serious inconsistencies in Singh's testimony going to the heart of his asylum application, all of which are supported by substantial evidence. *See id.* Singh's testimony was internally inconsistent, contradictory and irreconcilable with his application and documentation concerning the events surrounding his alleged arrest, medical treatment for injuries received from police, and subsequent time spent in hiding. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999). Singh knew little about the Sikh pursuit of Kahlistan despite his claim to be a supporter of that cause. *See Singh,* 367 F.3d at 1143. The inconsistencies and contradictions in the record identified by the IJ go to the heart of Singh's asylum application because they involve his alleged arrest and beating by police, the injuries he claims to have suffered, his purported attempt to evade his persecutors, and his alleged membership in a persecuted group.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). As Singh relies on the same evidence that the IJ determined to be not credible, and points to no additional evidence that the IJ should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim must also fail. *See id.* at 1157.

Finally, we discern no error in the IJ's finding that Singh deliberately filed a frivolous petition for asylum. *See* 8 C.F.R. § 208.20; 8 U.S.C. § 1158(d)(6). Singh was warned of the consequences of filing a frivolous asylum application, including providing deliberately fabricated statements or responses. The record supports the IJ's finding that Singh provided such deliberately fabricated responses. Despite being given numerous opportunities to explain the material discrepancies between his application, his oral testimony, and extrinsic evidence, Singh engaged in a pattern of providing non-responsive or contradictory answers. *Cf. Farah,* 348 F.3d at 1158 (reversing based on failure of IJ to give petitioner opportunity to explain discrepancies used to support finding of frivolousness).

PETITION FOR REVIEW DENIED.